IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,395






EX PARTE APOLONIO CASTILLO, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


TRIAL COURT CAUSE NO. 1999CR4519-W1

IN THE 399TH JUDICIAL DISTRICT COURT

FROM BEXAR COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of aggravated sexual assault, and punishment was assessed at
confinement for twenty-five years. No direct appeal was taken.

 Applicant contends that he was denied his right to appeal when he asked his attorney
to file an appeal, but his attorney failed to do so. The trial court entered findings of fact and
conclusions of law recommending that Applicant be granted an out-of-time appeal. We
agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed counsel to "represent the
defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or
the attorney is relieved of his duties or replaced by other counsel". The duty to perfect an
appeal attaches whether counsel is appointed or retained. See Ex parte Axel, 757 S.W.2d 369
(Tex. Crim. App. 1988). The trial court found Applicant believed that his trial counsel would
appeal his case, and that he was not afforded an opportunity to appeal his conviction. 

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 1999CR4519-W1 from the 399th District Court of Bexar
County. The proper remedy in a case such as this is to return Applicant to the point at which
he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that Applicant, should he desire to prosecute an
appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.

DO NOT PUBLISH


DELIVERED: May 10, 2006